UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWN C. HALL** | **CIVIL ACTION** |
| **VERSUS** | **No. 04-1934** |
| **DRD TOWING, LLC** | **SECTION "K"(2)** |

## ORDER

Before the Court is plaintiff Shawn C. Hall's Motion for Summary Judgment (Rec. Doc. No. 8). Having reviewed the pleadings, memoranda, and relevant law the motion is **DENIED**.

**Background and Argument:**

Plaintiff was employed as a deckhand aboard the M/V PINTO, an inland towing vessel owned and operated by defendant. In June of 2004 plaintiff broke his left ring finger in an accident while on board. Plaintiff's finger healed and plaintiff was released to return to full duty on August 19, 2004, at which time defendant terminated maintenance and cure. Plaintiff sued defendant, claiming additional maintenance and cure based on low back pain that plaintiff contends arose out of the June 20, 2004 incident on the M/V PINTO. Plaintiff contends that he

has and is currently being treated by Dr. Rudolf V. Hamsa for back pain stemming from his injury aboard the PINTO.

Defendant contends plaintiff did not complain of any low back pain arising from this incident until July 2, 2004. Defendant also points out that plaintiff failed to report this low back pain during previous visits to doctors on June 21, 2004 and June 23, 2004, and on his accident report to defendant dated June 23, 2004. Nor was there any mention of back pain in the August 19, 2004 medical report which confirmed plaintiff's release and fitness to return to full duty. Defendant further states that plaintiff did not pursue any further medical treatment for low back pain until December 2004, six months after his incident on the PINTO, and that an independent medical evaluation, including an MRI, of plaintiff by orthopedic surgeon Dr. J. Monroe Laborde found no objective clinical evidence of plaintiff's low back pain. Defendants aver that despite Dr. Laborde's recommendation that plaintiff be evaluated by a psychologist in order to rule out any non-organic pain, plaintiff has to date refused to any such evaluation. Additionally, prior to plaintiff's employment by defendant, plaintiff apparently was treated for low back pain on May 22, 2003, as a result of a slip and fall accident, and on November 26, 2003, as a result of lifting a heavy object. Consequently, defendant argues that plaintiff's refusal to cooperate with defendant's investigation of his claim, as well as his inconsistent medical history creates numerous disputed issues of material fact about the nature and extent of plaintiff's injuries such that summary judgment is inappropriate.

**Legal Standard:**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *See Stults v. Conoco*, 76 F.3d 651, 656, (5th Cir. 1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir. 1992) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).  Finally, the court notes that the substantive law determines materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**Analysis:**

Given the facts before the Court there are a myriad of genuine material issues so that it is virtually impossible to tell to what extent, if any, plaintiff's lower back pain is due to his injury in June 2004 while on the M/V PINTO and in defendant's employ.  For instance, genuine issues

of material fact exist as to, *inter alia*, whether plaintiff's complaints of lower back pain are legitimate (see Rec. Doc. No. 10, Def. Exhs. G, H), whether plaintiff's back pain arose out of his employment with defendant or was pre-existing (see Rec. Doc. No. 10, Def. Exhs. B, C, D, I and J), whether plaintiff is thus entitled to additional maintenance and cure, and whether defendant's refusal to pay said items has been arbitrary or unreasonable.  As a result of these disputes the Court finds that any grant of summary judgment at this stage in the proceedings is premature.

Accordingly,

**IT IS ORDERED THAT** plaintiff's motion for summary judgment  (Rec. Doc. No. 8) is hereby **DENIED**.

Signed this 11th day of April, 2006 in New Orleans, Louisiana.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**